IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONNIE D. WHITE, #B-31317,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CASE NO. 12-cv-937-JPG** |
| ) | |
| **JOANNA K. HOSCH,** ) | |
| **SARAH JESSICA ROBERTSON, and** ) | |
| **GENEVA ELAINE BONIFIELD,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court for case management. On August 24, 2012, following the Memorandum and Order entered in *White v. Bonifield*, Case No. 11-496-GPM (Doc. 1 in the instant case), this matter was severed from the original case. Plaintiff was directed to notify the Court by September 21, 2012, if he did not wish to proceed with this retaliation claim, in order to avoid incurring an additional $350 filing fee in this new severed case. That deadline has now passed, and Plaintiff has not notified the Court of any intent to dismiss the instant action. Accordingly, service shall be ordered on the Defendants in this case.

Plaintiff did file a notice on September 17, 2012 (Doc. 6), that he has received a verbal threat from Defendant Robertson, and fears he is in danger of physical harm from her or other prison staff. Plaintiff is **ADVISED** that these additional allegations are not properly before the Court, and shall not be considered in this action unless they are included in a properly filed amended complaint. Furthermore, these allegations may be properly brought in an amended

complaint in this action ONLY if they are asserted against one of the Defendants herein, or if they arise out of the same transaction or occurrence, or series of transactions or occurrences, as the retaliation claim herein, and share a common question of law or fact with that claim. *See* FED. R. CIV. P. 18 (a); 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (separate, unrelated claims belong in different suits). Alternatively, a claim relating to a new and distinct constitutional violation must be brought in a separate lawsuit.

Also before the Court is Plaintiff's motion for leave to proceed in forma pauperis ("IFP") (Doc. 3). Plaintiff submitted with his original complaint an affidavit stating that in the year preceding June 10, 2011, he had no income, and had no assets or cash on hand. Based on Plaintiff's affidavit of indigence, the Court concludes that he is unable to pay in full the $350.00 filing fee in this case at this time, and therefore it is appropriate to permit him to proceed IFP in this case without full prepayment of the fee. Accordingly, Plaintiff's motion to proceed IFP in this case (Doc. 3) is **GRANTED**.

The Court notes that with the dismissal of Case No. 11-cv-496-GPM for failure to state a claim, Plaintiff was assessed his third "strike" within the meaning of 28 U.S.C. § 1915(g).[1] Therefore, if Plaintiff seeks to file any future civil action *while he is a prisoner*, he will no longer be eligible to pay a filing fee in installments using the *in forma pauperis* provisions of § 1915(a) and (b), unless he can establish that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). If Plaintiff cannot make the necessary showing of imminent physical danger, he shall be required to pre-pay the full filing fee for any future lawsuit he may file while

---

[1] Plaintiff's previous two strikes were in *White v. Bute*, Case No. 00-cv-1116 (C.D. Ill., dismissed May 23, 2001, for failure to state a claim upon which relief may be granted); and *White v. Snyder*, Case No. 06-cv-2851 (N.D. Ill., dismissed May 30, 2006, for failure to state a claim).

incarcerated, or face dismissal of the suit. However, the claim in the instant case was brought in Case No. 11-cv-496-GPM, filed on June 13, 2011, and thus was "pending" as of the date Plaintiff incurred his third strike, on August 23, 2012. Plaintiff is therefore still eligible to proceed IFP in the instant case, because the three-strike bar applies only to cases filed subsequent to the date when the third strike is assessed. *See Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (the "three strikes" provision applies only to cases filed and appeals taken after the third strike is received; any already-pending cases or appeals must be resolved on the merits).

Although the IFP motion is granted, that is not the end of the matter. Plaintiff has not tendered an updated certified copy of his inmate trust fund account statement, to cover the six-month period immediately preceding the date this case was severed from Case No. 11-cv-496-GPM. The Clerk has requested the required statements from the Trust Fund Officer at Tamms Correctional Center, for the period of February 1, 2012, through August 24, 2012. Following the receipt of that information, an order shall issue for the payment of the initial partial filing fee as outlined in 28 U.S.C. § 1915(b)(1). The order shall also direct subsequent payments to be made pursuant to § 1915 until the filing fee is paid in full. The Clerk of Court is **DIRECTED** to send a copy of this Order to Plaintiff and to the Trust Fund Officer at Tamms Correctional Center.

**IT IS THEREFORE ORDERED** that the Clerk of Court shall prepare for Defendants **HOSCH, ROBERTSON,** and **BONIFIELD**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint (Doc. 2), the Memorandum and Order at Doc. 1, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons

(Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or  counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge **Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the*

*parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   September 27, 2012**

        *s/J. Phil Gilbert*
        **United States District Judge**