IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DONNIE D. WHITE,

     Plaintiff,

vs.

JOANNA K. HOSCH, SARAH JESSICA ROBERTSON, GENEVA ELAINE BONIFIELD and REBECCA ADAMS,

     Defendants.

Case No. 12-cv-937-JPG-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("R & R") (Doc. 102) of Magistrate Judge Philip M. Frazier recommending this Court dismiss this case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff Donnie D. White filed an objection to the R & R (Doc. 103) to which defendants responded (Doc. 105).

On November 6, 2013, Judge Frazier ordered White to show cause on or before November 22, 2013, why this case should not be dismissed for White's failure to make partial payments on the filing fee (Doc 98). Based on White's failure to respond to the show cause order, Judge Frazier recommended this Court dismiss White's case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) (Doc. 102). On December 9, 2013, White filed an objection alleging the paralegals at Pontiac Correctional Center purposely withheld the foregoing documents from him making it impossible for him to respond. In that objection, White further alleged he did "not have any sufficient funds to pay any partial filing fee and this can be verified by my trust fund account" (Doc. 103). White, however, failed to attach his trust fund account or any documentation verifying his lack of funds. On January 28, 2014, White finally filed a response (Doc. 111) to Judge Frazier's show cause order, in which he explains that a jury awarded him $10,000 in a separate civil case. White alleged he received a check in the amount of $6,946.62 on January 24, 2014, and the Pontiac Correctional Center trust office refused to send the $350.00 to this Court to pay the filing fee.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Because White objected to Judge Frazier's R & R, the Court will review this matter *de novo*.

White's assertion that he is not receiving orders from this Court is simply not supported. It is clear throughout this case that White has received and responded to multiple orders and motions. Further, in his objection to the R & R, White failed to attach his trust fund account to support his assertions that he had insufficient funds to pay the filing fee in this case. This assertion of insufficient funds, however, was simply not true. At the time of White's objection, he was fully aware of his $10,000 jury verdict. *See White v. Jones, et al.*, No. 07-cv-1311-JBM-JAG Doc. 246 (C. D. Ill. June 20, 2012) (judgment entered in favor of White for $10,000).

For the foregoing reasons, the Court **ADOPTS** the R & R (Doc. 102), **DISMISSES** this case with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), **DENIES** the remaining motions in this case as moot, and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:**  March 7, 2014

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
